## MURRAY RUBBER CO. v. WOOD.

(Circuit Court of Appeals, Third Circuit. February 25, 1926.)

### No. 3360.

Receivers  ⊜⟶135—Street paving assessment, confirmed after receiver's sale of abutting property free from all liens and incumbrances, held not a lien discharged by sale (Act N. J. March 27, 1917 [P. L. p. 319]).

Assessment for street paving, begun before receiver's sale of abutting realty free from all liens and incumbrances, *held* not a lien discharged by sale, in view of Act N. J. March 27, 1917 (P. L. p. 319), fixing time of lien's creation as "upon confirmation" thereof, which was after confirmation of sale and delivery of deed.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Petition by the Murray Rubber Company for relief against payment of a street paving assessment on realty purchased by petitioner free and clear of all liens from A. H. Wood, receiver of the Empire Tire & Rubber Company. From a judgment discharging the petition, petitioner appeals. Affirmed.

Oliphant & Mitchell, of Trenton, N. J., for appellant.

W. Holt Apgar, of Trenton, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. Under the order of the court below, the receiver of the Empire Tire & Rubber Company, on September 13, 1922, sold certain estate, "free and clear of all liens and incumbrances," to the Murray Rubber Company. On October 2, 1922, the sale was confirmed, and on payment of the purchase money a deed was delivered on October 17, 1922. On July 11, 1922, the city of Trenton had begun certain street paving abutting the property in question under a statute of New Jersey, which provides: "Every assessment for local improvements of any kind, together with interest thereon and all costs and charges connected therewith, shall upon confirmation of the same by the governing body, be a first and paramount lien upon the lot of land described in such assessment, and paramount to all prior or subsequent alienations and descents of such lands or incumbrances thereon, except subsequent taxes or assessments. * * * " Laws 1917, p. 383, § 30. The paving was completed September 15, 1922, and a report of commissioners thereon was made July 27, 1923, in which this property was assessed some $3,600, and the report was confirmed August 13, 1923.

Thereafter, by petition, the Murray Rubber Company, the purchaser, set forth these facts and prayed the court for relief against the payment of such assessment, and that it might be adjudged a lien which was discharged by the sale. No question of jurisdiction, of power of the court to grant the relief, or of any misleading or misrepresentation in the conduct at the sale is raised. The court below, after hearing, discharged the petition. Thereupon the petitioner took this appeal, and the sole question involved is whether the damages assessed by the commissioner's report of July 27, 1923, confirmed August 13, 1923, dated back in lien to the sale made September 13, 1922. The court

below, in its opinion, held it did not, and that, as provided in the statute, "the lien does not attach until the assessment has been confirmed"—adding that it "might never have attached if the municipality had determined to pay for the work in another manner, which under the act concerning municipalities is possible." In so holding we find no error, for the statute itself fixes the fact and time of the lien's creation as "upon confirmation of the same," which in the present case was August 13, 1923, 11 months after the sale was confirmed and the deed delivered. Though the case of Fagan v. Cadmus, 46 N. J. Law, 441, is strongly urged as contrary to this view, we do not so regard it.

The liability involved in the present case arises under a New Jersey act passed in 1917. P. L. 1917, c. 152, p. 319. What act, if any, was in force in 1884, when the Fagan Case was decided, does not appear in the report of that case. Presumably, the pertinent statute, if there was one, was in accord with the decision in that case, which held that the "assessment was a lien upon the land at the time of the execution of the deed, and its presence caused, eo instanti, a breach of the covenant against incumbrances." In consequence of its thus holding that the assessment created the lien, the court held that, where the original assessment was set aside for irregularity and a new one ordered, it was the original assessment that constituted the lien date. In that regard it said: "It appears from the fact that a new assessment was made by commissioners appointed by the court which set aside the previous assessment, that the irregularity which rendered that assessment illegal existed in the manner of placing the assessment, and not in the manner in which the improvement had been made. By the act of the court in appointing commissioners, the continuing liability to an assessment legally made was judicially recognized. Now, although the final assessment was made after the execution of the covenant, yet the liability of the land conveyed to pay the amount which should be afterwards fixed by the commissioners was a pre-existing burden."

But the act of 1917, supra, did not make the assessment or its date the determining factor, but "confirmation of the same by the governing body," and, as both the assessment and the confirmation by the governing body in the present case long postdated the sale, confirmation, and delivery of the deed, it will be seen the Fagan Case did not control nor decide the question before us.

The judgment below is affirmed.